## COURT OF APPEALS, (E. S.) JUNE TERM, 1821.

### BARROLL and CANNELL *vs.* READING.

APPEAL from a decree of the orphans court of *Cecil* county. The case is sufficiently stated in the court's opinion.

The cause was argued at this term before BUCHANAN, JOHNSON, MARTIN, and DORSEY, J. by

*Chambers* and *Cosden,* for the appellants, and *Carmichael,* for the appellee.

The opinion of the court was delivered by BUCHANAN, J. It appears in this case that an instrument of writing,

<div align="right">The act of February 1777, *ch* 8, authorising a plenary proceeding by libel and answer, and directing the orphans court to summon a jury of twelve freeholders to their assistance, on the issue *devisavit vel non,* is repealed by 1798, *ch.* 101 Under this last act, *sub ch.* 15, *s.* 16, 17, either *party concerned in*</div>

*the question,* whether a will shall be admitted to probat, has a right, at any stage of the proceedings in the orphans court, prior to a final decision, to have a plenary proceeding directed, and an issue sent to a court of law for trial

If the orphans court refuse such a proceeding, it is a proper subject for an appeal to this court.

purporting to be the last will and testament of *Andrew J. Peterson*, was exhibited in the orphans court of *Cecil* county, for probat, by the appellee, against which a caveat was entered by the appellants, and that pending the caveat, and after the depositions of several witnesses had been taken, an application was made to that court, on the part of the appellants, to direct a plenary proceeding by libel, and answer on oath, and to call a jury of twelve freeholders to their assistance; for the purpose of trying an issue, which was refused; and the *ninth* section of the act of February 1777, *ch.* 8, on which the application was founded, being repugnant to, and repealed by, the act of 1798, *ch.* 101, the court did right in rejecting the prayer.   But the court was clearly wrong in refusing to direct a plenary proceeding, and an issue' or issues to be made up and sent to a court of law for trial on the application of the appellants, as directed by the *sixteenth* and *seventeenth* sections of the *fifteenth sub-chapter* of the act of 1798, *ch.* 101, which are imperative.   The regular mode of proceeding in opposition to the admission of a will to probat, is by caveat; and it may often happen, (and probably most frequently does,) that the necessity for a plenary proceeding and a trial by jury, is only discovered after a part at least of the testimony is taken; and at any stage of the proceedings, before final adjudication, either party may require it, and the court is not at liberty to refuse it.   The objection that an appeal will not lie in such a case as this, and that the record is not properly before us, cannot be sustained. The language of the act of assembly is, "any person who may conceive him or herself aggrieved by any judgment, decree, decision or order, of the orphans court, shall have the liberty of appealing," &c. emphatically giving an appeal from any decision of the orphans court; and it is quite clear that a refusal of a prayer preferred by a party to a contest in that court, is a decision of the court upon such prayer.   The court therefore *decrees*, that the judgment of the orphans court of *Cecil* county, admitting to probat the instrument of writing purporting to be the last will and testament of *Andrew J. Peterson*, be reversed, with costs to the appellants; and that a plenary proceeding, by bill and answer on oath, be had as prayed by the appellants, and an issue made up and sent to the county court of *Cecil* for trial; and that the orphans court of *Cecil* county

take such order in the premises as may be necessary and proper for carrying this decree into full effect.

<div style="text-align: right">DECREE REVERSED, &c.</div>