## In re ESTATE OF ATWOOD.

### Administration; Orphans' Court.

1. Where an administrator in his accounts claims credit for certain claims against the estate paid by him, and exceptions are taken to the account on the ground that such claims are not only unjust but that the administrator acted in bad faith in paying them, it is reversible error for the probate court to refuse to frame issues to be submitted to a jury to try and determine the facts.

2. Either party to a controversy of fact in the Orphans' Court of this District, may, as of right, under the Statute of Maryland of 1798, ch. 101, sub-ch. 15, secs. 16 and 17, require an issue to be framed for submission to a jury, and the court is not at liberty to refuse it.

No. 154.   Submitted December.6, 1893.—Decided December 21, 1893.

Hearing on an appeal by the exceptant from a decree of the Supreme Court of the District of Columbia, holding a term for Orphans' Court business, overruling exceptions to and approving the accounts of an administrator.   *Reversed.*

The Court in its opinion stated the case as follows:

This case comes into this court by transfer from the General Term of the Supreme Court of this District, to which the appeal was taken from the order of December 2, 1892, passed by the justice holding a special term for Orphans' Court business.

The order appealed from disallows certain exceptions taken to the administration account offered for approval by the appellee, as administrator of Annie L. Atwood, deceased, and refused issues prayed to be framed and sent for trial to a court of law.

The only two items in the account for which credit is claimed, and about which there is any real controversy (the other allowances in the account being for administration expenses, the funeral and cemetery charges, and for medical

services to the deceased), are the claim of Miss Tait for $602, and that of Mrs. Conboye for $133. These claims were, apparently, duly proved, and were passed by the justice holding a special term for Orphans' Court business, and indorsed, " Will pass when paid." The claims have been paid, according to the evidence of the case; but it is alleged that they were collusively paid; that the administrator knew, or had good grounds for knowing, that they were not proper claims against the estate; and that he did not act *bona fide*, but acted collusively in paying the claims: and hence he should not be allowed credits for said claims in his administration account.

*Mr. J. J. Waters* for the appellant:

1. Where issues are demanded, the Orphans' Court has no right to proceed until issues are tried and determined. *Pegg* v. *Warford*, 4 Md., 395 ; act of Md. 1798, Ch. 101, Sub-ch. 15, Secs. 16 and 17. Dennis' Probate Law, 105 and 106.

2. Matters of record must be shown by the record; such cannot be subject of issues for jury trial. *Williamson* v. *Montgomery*, 40 Md., 378, 379. The exceptions could only be tried by the record, which could not be contradicted by the administrator, especially when founded on his own acts.

3. The selling, secretly, without court's order, of an interest-bearing bond in three months after grant of administration, thereby losing nine months' interest before settlement of estate, was unlawful, and the administrator answerable therefor, as see act of Md. 1798, Ch. 101, Sub-ch. 8, Sec. 3, page 60 of Dennis' Probate Law, and Sub-ch. 10, Sec. 1, page 76.

*Mr. E. A. Newman* for the appellee:

If an executor or administrator *bona fide*, without any knowledge of its injustice, pay a claim proved and passed by the Orphans' Court, the payment is not at his risk. His right to credit for it cannot be controverted. *Owen* v. *Collinson*, 3 Gill & J., 25-39. Cited by Dennis, p. 72, and Thompson, p. 54.

The passage of a claim by the court is *prima facie* evidence of its correctness, and shifts the *onus* in relation to the claim from the administrator to the person attacking the same.   Hinkley's Testamentary Law, Sec. 910, p. 351.

Mr. Chief Justice Alvey delivered the opinion of the Court:

It is certainly well settled, that if an administrator or executor, acting in good faith, and without any knowledge, or good reason to believe, that a claim against the estate is unjust or without proper foundation, pays the same, *after it has been duly passed by the court*, even though not proved in the manner prescribed by the testamentary system, such payment will not be at the risk of the administrator or executor.   He, in such case, is not only *prima facie* entitled to a credit in his account for such payment, but his right to it cannot be controverted.   *Owens* v. *Collinson*, 3 G. & J., 26, 38; *Conner* v. *Ogle*, 4 Md. Ch. Dec., 449.   But the mere passing of the claim, without actual payment, will not give such exemption from risk to the administrator or executor; the claim must be paid by him, *in good faith*, after being passed by the court.   For if he is aware of any just reason for refusing to pay the claim, he cannot pay it with immunity from responsibility, though it may have been passed by the court.

The appellant not only denied the justice of the claims, but denied the good faith of the administrator in recognizing and paying the claims.   And she asked for issues to try and determine the facts; and in the refusal of such issues we think the court erred.

The questions, whether the claims were well founded, and to what extent they should have been allowed, if allowable at all, and whether they had been paid in good faith by the administrator, were matters of fact that the appellant had a right to have tried on *issues properly framed.*   The statute of Maryland of 1798, Ch. 101, forming the testamentary system of this District, by its sub-chapter 15, Sections 16 and 17, prescribes the mode of procedure, and that mode of pro-

cedure is not left to the discretion of the court. It has been the uniform construction of the statute, to say nothing of the imperative terms employed by it, to recognize the right of either party to a controversy of fact in the Orphans' Court, to require an issue, and the court is not at liberty to refuse it. *Barroll & Cannell* v. *Reading*, 5 H. & J., 176; *Pegg* v. *Warford*, 4 Md., 395. The petition and answer in this case made the issues of fact, and such issues should have been framed as would determine such facts. It is only issues of fact, not questions of law, that should be formulated to be tried by a jury. The issues framed and submitted to the court for adoption were not such as properly presented the questions of fact involved, in relation to the two claims excepted to; and no other item in the account of the administrator is asked to be made the subject of an issue to be tried by a jury.

In regard to the exception to the account because the administrator did not charge himself with an amount greater than that mentioned in the account, as principal and interest received for the United States bond, we think the court was right in overruling the exception. It would appear that the bond was disposed of to the Treasury of the Government for all that it was worth at the time, and the administrator has charged himself in the account with the full amount of the proceeds. And in respect to all other matters referred to in the exceptions, except only the claims of Miss Tait and Mrs. Conboye, the court below was entirely right in disposing of them as it did. But because of the refusal to frame and direct issues to be tried in regard to the two claims mentioned, that of Miss Tait and that of Mrs. Conboye, for which the administrator claimed credits in his account, the order appealed from must be reversed, and the cause be remanded for further proceedings.

*Order reversed and cause remanded.*